IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RABO AGRIFINANCE, INC.                                                              PLAINTIFF

vs.                                    Case No. 2:14-CV-111-JM

TURNER GRAIN MERCHANDISING, INC.;
JASON T. COLEMAN; and
DALE C. BARTLETT.                                                                   DEFENDANTS

## MOTION FOR APPOINTMENT OF RECEIVER

Plaintiff Rabo Agrifinance, Inc. ("Rabo"), for their motion for appointment of receiver against individual Defendant Turner Grain Merchandising Inc., ("Turner Grain"), state:

1. Rabo is the holder of a Line of Credit Note, co-made by the Defendants in an amount not to exceed $1,000,000 (*See* Cmplt. Exh. B).

2. The Defendants executed a Credit Agreement to secure payment under the Line of Credit Note.

3. Rabo is entitled to enforce the Line of Credit Note and the Credit Agreement pursuant to its Security Agreement and its perfect security interest via a UCC Financing Statement filed on January 6, 2014, with the Arkansas Secretary of State.

4. The Defendants have granted the Security Agreement, which gives Rabo a security interest in all accounts, inventory, equipment, fixtures, farm products, general intangibles, proceeds of crop insurance, price support payment, or other governmental program, rights and interests under Hedging Agreements, accessions, attaches and other additions to the collaterals; substitutes or replacement for collateral, all proceeds, products, rents, and profits of

any collateral including rights under warranties and insurance contracts, and causes of action relating to collateral, and all books and records pertaining to any collateral.

5. The Defendants have defaulted under the Line of Credit Note and the Credit Agreement, by their failure to satisfy the obligations owed thereunder.

6. The Defendants are currently perceived to be insolvent and are defaulting on various agreements with multiple farmers, operators, shippers, dealers, and brokers across many states. *See* News Articles attached as Motion Exhibit 1.

7. The Defendant's Agent for Service has resigned. *See* Arkansas Secretary of State Printout attached as Motion Exhibit 2.

8. Upon sufficient information and belief, Turner Grain does not have any remaining shareholders who have not surrendered their shares or any remaining corporate officers who have not relinquished their office. Therefore, there is no one currently at Turner Grain who is authorize to act on behalf of the company to answer the complaints against it, to secure assets for collection, to take an accounting of all claims against it, and to complete other vital tasks that are now necessary due to Turner Grains' insolvent status.

9. Currently, there are actions pending in the Circuit Courts of Lee County, Lonoke County, Arkansas County, and in the United States District Court, Eastern District of Arkansas against Turner Grain. Upon sufficient information and belief, there are numerous other counties in Arkansas in which actions may soon be brought, all of which will have differing theories of recovery and will allege various causes of actions against Turner Grain. This will lead to a risk of conflicting and inconsistent rulings dealing with claims and ownership of assets.

10. The collateral securing the Defendants obligations consists of personal property located in Lee County, Arkansas as well as various counties throughout Arkansas and other states.

11. This Court has the power to appoint a receiver for any lawful purpose when such appointment is necessary and proper. FED. R. CIV. P. 66.

12. Rabo is a property party to seek this appointment because "[t]he appointment of a receiver by a federal court may be sought by any person or class having an interest in property that a statute or one of the general principles of equity authorizes the court to protect by this remedy." § 2983 Appointment of Receivers, 12 Fed. Prac. & Proc. Civ. § 2983 (2d ed.).

13. Under federal law, appointment of receiver is not a drastic remedy. *United States v. Berk & Berk*, 767 F. Supp. 593, 598 (D.N.J. 1991).

14. Creditors are entitled to appointment of receiver to manage secured property when the adequacy of that security for a loan is substantially doubtful, the financial strength of the debtor is doubtful, and there is a danger that the property might be diminished in value. *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993).

15. A hearing on the appointment of a receiver is not necessary "where facts support appointment of receiver." *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991) (citing *United States v. Mansion House Center North Redevelopment Co.*, 419 F.Supp. 85, 87 (E.D.Mo.1976)). These facts can include "inadequate security for the loan" and "the unstable financial status of the [debtor]." *Id.*

16. It is in the public interest and the interests of the Defendants' creditors that a receiver be appointed pending the resolution of this action. *New York Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991). The appointment of a receiver is the only

reasonable means to ensure that the interests of Rabo and the Defendants are protected pending the resolution of this action.

17. Rabo proposes that the receiver be Mr. Kevin Keech of the Keech Law Firm.

18. An affidavit of Mr. Keech's availability, qualifications, and non-conflict status is attached as Motion Exhibit 3.

19. "[R]eceivers have only those powers and duties conferred on them by the appointing court." *In re Teknek, LLC*, 343 B.R. 850, 882 (Bankr. N.D. Ill. 2006).

20. The receiver in this matter should be vested with broad powers to adequately take control and manage the assets of Turner Grain, including but not limited to "the day-to-day management of the business entity, including the authority to liquidate assets, the authority to pursue claims, and the authority to file for bankruptcy." *In re Bayou Grp., L.L.C.*, 363 B.R. 674, 683 (S.D.N.Y. 2007) *aff'd sub nom. In re Bayou Grp., LLC*, 564 F.3d 541 (2d Cir. 2009); *see also, In re Manhattan Inv. Fund, Ltd.*, 310 B.R. 500, 503 (Bankr.S.D.N.Y.2002) (recognizing receiver's capacity to file Chapter 11 bankruptcy petition); *S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 130 (2d Cir.2002); *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir.1988).

For the reasons stated above, the Plaintiff, Rabo Agrifinance, Inc., respectfully requests that this Court appoint a receiver to manage Turner Grain pending the resolution of this action and grant that receiver the powers as outlined above.

>WILLIAMS & ANDERSON PLC
>111 Center Street, Suite 2200
>Little Rock, Arkansas 72201
>Telephone: (501) 372-0800
>Facsimile: (501) 372-6453
>
>By:   /s/ James E. Smith

James E. Smith, Ark. Bar No. 77128
jsmith@williamsanderson.com

*Counsel for Plaintiff Rabo Agrifinance, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2014, I filed a true and correct copy of the foregoing **Motion for Appointment of Receiver** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record by electronic mail.

/s/ James E. Smith

James E. Smith