IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**RABO AGRIFINANCE, INC.**                                                                 **PLAINTIFF**

v.                            Case No. 2:14-CV-111-JM

**TURNER GRAIN                                                                              DEFENDANTS
MERCHANDISING, INC.;
JASON T. COLEMAN; and
DALE C. BARTLETT**

### MOTION TO REFER CASE TO UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF ARKANSAS AND MEMORANDUM IN SUPPORT

Plaintiff Rabo Agrifinance, Inc. ("Rabo") hereby moves that this Court enter an order referring the above-captioned matter to the United States Bankruptcy Court for the Eastern District of Arkansas, and in support respectfully states:

1. On September 10, 2014, Rabo initiated the above-captioned matter against Defendants Turner Grain Merchandising, Inc. ("Turner Grain"); Jason T. Coleman ("Coleman"), and Dale C. Bartlett ("Bartlett"). Rabo is seeking, among other relief, a joint and several money judgment against Defendants, for indebtedness under a line of credit granted to Turner Grain, and guaranteed by Bartlett and Coleman.

2. On September 11, 2014, Rabo moved for the appointment of a receiver for Turner Grain [Doc. 2]. By this Court's order of even date [Doc. 3], the motion was granted, and Kevin Keech was appointed receiver.

3. In his capacity as receiver for Turner Grain, on October 23, Mr. Keech sought relief on TGI's behalf under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The chapter 11 bankruptcy of Turner Grain is currently pending in the Helena Division of the

1

United States Bankruptcy Court for the Eastern District of Arkansas, under Case No. 2:14-bk-15687.

4. Pursuant to 28 U.S.C. § 1334, federal district courts have original and exclusive jurisdiction over all cases under the Bankruptcy Code, and original, but non-exclusive jurisdiction over all civil proceedings "arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." Each district may, by local rule authorized under 28 U.S.C. § 157(a), automatically refer such cases to its bankruptcy judges.

5. Local Rule 83.1 of the United States District Court for the Eastern District of Arkansas automatically refers to its bankruptcy judges "[a]ll cases and proceedings under Title 11 of the United States Code or arising in or related to a case under Title 11, brought pursuant to 28 U.S.C. § 1334, § 1412, or § 1452, except personal injury or wrongful death tort claims,…".

6. In the Eighth Circuit, a proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered." *In re Grubbs Const. Co.*, 305 B.R. 476, 480 (W.D. Ark. 2003)(citing *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770 (8th Cir. 1995)).

7. In the present matter, as in the above-cited *Grubbs* case, jurisdiction is established under 28 U.S.C. § 1334(b), because the outcome could result in liability for all defendants, and is therefore likely to impact the bankruptcy estate of Turner Grain.[1] Furthermore, it is possible that findings of fact in this matter could have a preclusive effect on matters before the bankruptcy court, and would therefore affect the administration of the Turner Grain bankruptcy estate.

---

[1] Defendant Bartlett is also a chapter 11 debtor, in a separate case in the same district and division as Turner Grain. It is the good-faith belief of Plaintiff that Bartlett will consent to relax the automatic stay in his personal case to allow the claims underlying the present matter to be liquidated in an adversary proceeding within the Turner Grain bankruptcy case.

8. In recent weeks, Receiver Keech has removed multiple state court proceedings to bankruptcy court as adversary proceedings in the Turner Grain case. Many of these matters will deal with a common nucleus of facts, and may ultimately be determined to be inextricable from each other. It is therefore in the best interests of Turner Grain, its many creditors, and all parties in interest, that all such matters be heard in the same court.

9. For the above-stated reasons, this case should be referred to the United States Bankruptcy Court for the Eastern District of Arkansas, to be fully and finally adjudicated as an adversary proceeding within the chapter 11 bankruptcy of Turner Grain Merchandising, Inc.

WHEREFORE, Plaintiff Rabo Agrifinance, Inc. prays that this Court grant its motion, and enter an Order directing the reference of this case to the bankruptcy court for this district, and for all other proper relief to which it is entitled.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street, Suite 2200
Little Rock, Arkansas 72201
Telephone: (501) 372-0800;
Facsimile: (501) 372-6453

By: /s/ James E. Smith
James E. Smith, Ark. Bar No. 77128
jsmith@williamsanderson.com
*Counsel for Plaintiff Rabo Agrifinance, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2014, I filed a true and correct copy of the foregoing **Motion to Refer Case** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record by electronic mail.

/s/ James E. Smith
James E. Smith